NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIANO JAVIER BAZALDUA-HERNANDEZ, <br><br>            Plaintiff-Appellant, <br><br>    v. <br><br> LEE FRANCIS CISSNA, as Director, US Citizenship and Immigration Services; et al., <br><br>            Defendants-Appellees. | No.    16-56892 <br><br> D.C. No. <br> 5:15-cv-01383-JGB-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted April 11, 2019[**]
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James Rodney Gilstrap, United States District Judge for the Eastern District of Texas, sitting by designation.

Appellant Mariano Bazaldua-Hernandez petitioned U.S. Citizenship and Immigration Services ("USCIS") for U nonimmigrant status (a "U Visa"). USCIS denied Appellant's petition on the basis that Appellant failed to establish that he suffered substantial physical or mental abuse as a result of a qualifying criminal activity. Appellant appealed USCIS' denial, and the Administrative Appeals Office ("AAO") dismissed the appeal. Appellant filed suit in the District Court for judicial review of USCIS' denial and the AAO's dismissal. The District Court granted USCIS' motion for summary judgment; Appellant timely appealed.

A district court's grant of summary judgment is reviewed *de novo*. *Nev. Land Action Ass'n v. U.S. Forest Serv.*, 8 F.3d 713, 716 (9th Cir. 1993). "An agency's decision should be overturned if it was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 900 (9th Cir. 1996) (quoting 5 U.S.C. § 706(2)(A)).

Appellant argues that "[i]t [was] arbitrary and capricious to deny a U Visa" where: (1) he was a victim of domestic violence when his daughter's ex-boyfriend tried to murder his family in 2000 (the "Attempted Homicide"); (2) he endured familial distress at seeing his teenage daughter suffer domestic violence (e.g., beatings, rape, and kidnapping); (3) he suffers from PTSD as a result of his daughter's ex-boyfriend's actions; and (4) the Attempted Homicide triggered his diabetes and increased his need for medical attention.

A U Visa petitioner bears the burden of "demonstrat[ing] eligibility for U–1 nonimmigrant status," and "USCIS will determine, in its sole discretion, the evidentiary value of previously or concurrently submitted evidence, including Form I–918, Supplement B, 'U Nonimmigrant Status Certification.'" 8 C.F.R. § 214.14(c)(4). The petitioner must establish by a preponderance of the evidence his eligibility for the benefit sought. *See Matter of Chawathe*, 25 I. & N. Dec. 369, 375 (AAO 2010).

The beatings, kidnapping, and rape suffered by Appellant's daughter—heinous as they are—were not identified in Appellant's I-918 Supplement B as qualified criminal activities upon which Appellant's U Visa petition relies. The only qualified criminal activity identified was the Attempted Homicide.

The USCIS reasonably concluded that Appellant's PTSD and diabetes resulted from causes other than the Attempted Homicide. The record before this Court does not compel a different outcome. *Monjaraz-Munoz v. I.N.S.*, 327 F.3d 892, 895 (9th Cir. 2003), *as amended*, 339 F.3d 1012 (9th Cir. 2003) (explaining that an agency's findings are upheld "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result") (emphasis in original); *see also Radio Servs.*, 79 F.3d at 900 ("the reviewing court may not substitute its judgment for that of the agency" (citing *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 376

(1989)).  Accordingly, we conclude that the District Court did not err in granting

summary judgment.

**AFFIRMED**.